1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  JOHN FREDERICK HARDNEY,              No. 2:14-CV-0825-WBS-CMK-P

12               Petitioner,

13        vs.                           FINDINGS AND RECOMMENDATIONS

14  T. VIRGA,

15               Respondent.

16  _____/

17          Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18  habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to

19  dismiss (Doc. 12).

20

21                        I.  BACKGROUND

22          Petitioner is serving an indeterminate life sentence.  He reached his Minimal

23  Eligible Parole Date ("MEPD") in 2010 – the earliest date petitioner could be released on parole.

24  See Cal. Penal Code § 3041(a).  At his first parole consideration hearing, parole was denied and

25  petitioner's next hearing was set for November 2021.

26  / / /

In 2013, petitioner was found guilty of a disciplinary infraction and assessed a 60-day loss of good-time credits.  In the instant petition, petitioner claims that the disciplinary finding lacks evidentiary support and that he was not permitted to call a witness at the hearing.

## II.  DISCUSSION

In his motion to dismiss, respondent argues that the court lacks jurisdiction to consider the petition because it does not challenge the fact or duration of petitioner's confinement.  More specifically, respondent argues that the loss of good-time credits in this case has no effect on his release date because his MEPD has passed.  Other than offering the conclusory argument that respondent's is "misleading" and must fail, petitioner does not address respondent's motion.

The court finds that respondent's argument is persuasive.   When a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983.  See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).  Thus, 28 U.S.C. § 2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement.

Here, petitioner challenges a prison disciplinary proceeding that resulted in a loss of good-time credits.  While the loss of good-time credits may implicate the duration of confinement and, thus, sound in habeas, see Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased

hearing officer implied the invalidity of the underlying prison disciplinary sanction of loss of good-time credits), such is not the case here.  Under California law, where an inmate is serving an indeterminate life sentence, good-time credits only count towards advancing the inmate's MEPD.  See In re Jenkins, 50 Cal. 4th 1167, 1179-80 (2010).  Because petitioner's MEPD had been reached in 2010 before the disciplinary penalty was imposed in 2013, the loss of good-time credits had no effect on the calculation of petitioner MEPD and, thus, no effect at all on the duration of petitioner's confinement.  As such, petitioner's claims are not cognizable under 28 U.S.C. § 2254.  See Ramirez v. Galaza, 334 F.3d 850, 858 (9th. Cir. 2003) (holding that the favorable termination rule of Edwards does not apply to challenges to prison disciplinary hearings where the administrative sanction imposed does not affect the overall length of confinement and, thus, does not go to the heart of habeas), such is not the case here.

## III.  CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 12) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 30, 2014

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

3